IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS VASQUEZ, II,<br><br>                    Petitioner,<br><br>      vs.<br><br>SCOTT FRAUENHEIM, Warden, Pleasant Valley State Prison,<br><br>                    Respondent. | No. 2:13-cv-01497-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 26] |

At Docket No. 26, Nicholas Vasquez, II, a state prisoner now represented by counsel, filed a motion on October 24, 2014, requesting an extension of time to file a notice of appeal. This Court denied Vasquez habeas relief and a certificate of appealability on August 27, 2014. Docket No. 24.

A notice of appeal from a judgment rendered under 28 U.S.C. § 2254 must be filed within 30 days after entry of the judgment. *See* FED. R. APP. P. 4(a)(1)(A). Federal Rule of Civil Procedure 4(a)(5) provides that the Court may extend the time to file a notice of appeal when two conditions are met. First, the motion seeking an extension must be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a) (in this case, the request for an extension must be made within 60 days after the judgment was entered because the time originally prescribed by Rule 4(a) is 30 days). FED. R. APP. P. 4(a)(5)(A)(i). Second, the party seeking the extension must show "excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A)(ii). In any event, no extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later. FED. R. APP. P. 4(a)(5)(C).

Where, as here, the court is presented with a timely motion to extend the time to file a notice of appeal, the court has "wide discretion as to whether to excuse" the delay in filing the notice of appeal. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). Vasquez contends that he was unable to timely file his motion because "the law library was almost impossible to access due to a lockdown, he was subject to mandatory attendance at classes, and he was unable to exit his building into the afternoon heat of the Central Valley due to his migraine medication." Docket No. 26-1 at 6. He also alleges that he had retained legal assistance to prepare his filing, but the individuals he hired "abandoned" him without preparing the necessary paperwork. *Id.*

The Court applies the "excusable neglect" standard "in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." FED. R. APP. P. 4(a)(5)(A)(ii), advisory committee's note, 2002 amendment. The court weighs four factors to determine whether excusable neglect has been shown, including:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, at 855.

The Court finds that the factors to be considered when applying the excusable neglect standard weigh in favor of Vasquez. The Court also notes that any further relief, including an application for a certificate of appealability, must be requested from the Ninth Circuit Court of Appeals. The Ninth Circuit may issue a certificate of appealability only if Vasquez makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  He must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citation and internal quotation marks omitted)

**IT IS THEREFORE ORDERED THAT** the motion for an extension of time at Docket No. 26 is **GRANTED**.  Vasquez shall have 14 days, or up to and including November 10, 2014, to file a notice of appeal with this Court.

Dated: October 27, 2014.

        /s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge